# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2014

No. 09-70028

Lyle W. Cayce
Clerk

WILLIE TERION WASHINGTON,

      Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
4:99-CV-140 & 4:07-CV-721

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before CLEMENT, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

On January 26, 2012, we affirmed a district court's denial of Washington's petition for habeas relief. *Washington v. Thaler*, 464 F. App'x 233 (5th Cir. 2012). We also denied his application for a certificate of appealability ("COA") on claims for ineffective assistance of counsel, and under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). On June 3,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-70028

2013, the Supreme Court granted certiorari to Washington, vacated our judgment, and remanded for further consideration in light of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). *Washington v. Thaler*, 133 S. Ct. 2763 (2013).

Our previous opinion did not address whether deficient performance by Washington's post-conviction counsel excused the procedural default of his ineffective assistance of trial counsel claims. The district court denied Washington habeas relief, but granted a certificate of appealability on his claim that his counsel's failure to object to the allegedly discriminatory use of peremptory challenges during jury selection deprived him of effective assistance at trial. The issue on appeal was whether the Texas Court of Criminal Appeals's ("TCCA") denial of habeas relief under Texas's abuse of the writ statute was based on an independent and adequate state ground, or was instead a decision intertwined with federal law. In affirming, we stated that "[t]he failure to raise a *Batson* challenge at voir dire may have been ineffective assistance," but that "Washington's failure to raise the ineffective assistance claim in his first habeas application cannot be excused for lack of the necessary evidence to raise the *Batson* claim." *Washington*, 464 F. App'x at 240. As such, we held that the TCCA based its dismissal of Washington's claim on procedural default, which was an independent and adequate state ground. We also denied his application for a COA on whether the district court properly analyzed his claims of ineffective assistance of counsel based on, among other things, an alleged conflict of interest resulting from counsel's fee arrangement and deficient trial preparation and court performance.

Since we issued our opinion, the Supreme Court has held that ineffective assistance of post-conviction counsel in state court can constitute cause to excuse procedural default of a claim for relief raised in a federal habeas corpus petition. *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Earlier this year, the Supreme Court

No. 09-70028

held in *Trevino* that the rule from *Martinez* applies in collateral challenges to Texas convictions.

In light of the Supreme Court's order, we GRANT Washington's application for a COA on his claims for ineffective assistance of counsel and REMAND to the district court to reconsider Washington's procedurally defaulted ineffective assistance of counsel claims in light of *Trevino*.